UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HARRY PALMER ALTICK,    No. 08-10419

                Debtor(s).
_____/

Memorandum on Objection to Claim of Exemption
_____

     Debtor Harry Palmer Altick filed his Chapter 11 petition on March 11, 2008. On April 3, 2009, the court confirmed his plan of reorganization. The plan provided for him to use his income as a real estate broker to pay creditors over time. On March 4, 2011, Altick converted his case to Chapter 7, informing the court that his income was insufficient to make the payments required by the plan.

     Altick's original exemption claims were not controversial. The only significant asset he claimed as exempt was his residence, which his schedules showed was over-encumbered. After conversion, the Chapter 7 trustee, Linda Green, sold Altick's 50% interest in Gold Dome, LLC, for $40,000.00. Altick then amended his schedules to delete the claim of exemption as to the residence and add an exemption of $21,000.00 in Gold Dome.

     Green objected, initially arguing that Altick had been guilty of bad faith and that his creditors would be prejudiced by the amended claim of exemption. However, she has since changed her tack somewhat, now arguing that Altick is barred as a matter of law from amending his schedules due to

confirmation of his plan. The court now decides this issue.[1]

Green now primarily relies on *In re Wolfberg,* 255 B.R. 879 (9th Cir. BAP 2000). In that case, the debtors had proposed a plan which provided for the sale of their residence, with the proceeds going to pay their creditors. The plan provided that if the residence was not sold by a specific date, then a Chapter 11 trustee would be appointed. The Chapter 11 trustee sold the residence, and the debtors then attempted to claim an exemption in the residence. The bankruptcy court allowed the exemption, but the Appellate Panel reversed, holding that the doctrine of *res judicata* prohibited the amendment.

There are two clear bases for distinguishing *Wolfberg* from this case. First, this case has been converted to Chapter 7. When a failed Chapter 11 is converted to Chapter 7, the plan is no longer in effect and, to the extent practicable, the case proceeds as a normal Chapter 7. See *In re Consolidated Pioneer Mortgage Entities,* 264 F.3d 803, 808 (9th Cir. 2001). Second, in this case the Altick did not propose to use Gold Dome to pay creditors. The source of payment to creditors was to be his postpetition income. There is nothing in either the plan or the disclosure statement which pledges the interest in Gold Dome to creditors.

For the foregoing reasons, the court finds that confirmation of Altick's Chapter 11 plan did not divest Altick of his ability to amend his claim of exemptions on conversion to Chapter 7. Green's objection to the claim of exemption on grounds of res judicata will accordingly be overruled.

It shall be deemed without controversy that Altick's amended claim of exemption is not barred by *res judicata*. If Green believes her original grounds of bad faith and prejudice are sustainable, she shall notice a preliminary hearing within 10 days of the date of this Memorandum. If she fails to do so, counsel for the debtor may submit an order overruling Green's objection.

//

---

[1] The allegations of bad faith and prejudice require the court to take evidence, and are accordingly not ripe for adjudication at this time. The court notes only that nothing submitted so far by Green would meet her burden on these issues. Pursuant to Rule 4003(c) of the Federal Rules of Bankruptcy Procedure, Green has the burden of proving that exemptions are not properly claimed.

2

1   Dated: August 22, 2011

                                            Alan Jaroslovsky
                                            U.S. Bankruptcy Judge

3