UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HARRY PALMER ALTICK,                                                              No. 08-10419

                               Debtor(s).
_____/

Memorandum on Objection to Claim of Exemption
_____

      Debtor Harry Palmer Altick filed his Chapter 11 petition on March 11, 2008. He filed primarily to stop the sale of his interest in Gold Dome, LLC, for $350,000.00 which had been ordered by a state family law court. Altick scheduled the value of his interest in Gold Dome as "unknown," but did note that it had assets worth $3 million and debts of a little under $1 million. While he was in Chapter 11, he showed his interest in Gold Dome as having a value of $900,000.00 on his operating reports, which were consistent with his schedules. However, his disclosure statement, filed on February 6, 2009, was inconsistent with his schedules and operating reports and patently false. In it, he represented that his interest in Gold Dome was over-encumbered so that it had zero value. On April 3, 2009, the court confirmed his plan of reorganization.

      Three years later, Altick converted his case to Chapter 7. At his 341 hearing, the Chapter 7 trustee, Linda Green, asked Altick about Gold Dome. He told her basically the same thing as he had represented in his disclosure statement, that his interest in Gold Dome had no value. He did not mention that at the time of his bankruptcy filing there was a sale of his interest in Gold Dome pending for $350,000.00.

1

Altick's original exemption claims were not controversial. The only significant asset he claimed as exempt was his residence, which his schedules showed was over-encumbered. After conversion, Green asked the court to approve the sale of Altick's interest in Gold Dome to the other partner for $10,000.00. Altick then amended his schedules to delete the claim of exemption as to the residence and add an exemption of $21,000.00 in Gold Dome.[1] Green objected to this claim of exemption on the grounds of bad faith and on the grounds of claim preclusion (*res judicata*).

The court elected to decide the legal issue first, and determined that the exemption was not barred as a matter of law. It then set a hearing on whether the evidence established that Altick was barred from asserting his exemption due to bad faith. That hearing was concluded today, and the court accordingly proceeds to decide the matter.

Claims of exemption are supposed to be liberally allowed in order to afford the debtor a fresh start. *In re Ageton*, 14 B.R. 833, 836 (9th Cir. BAP 1981). However, notwithstanding this policy a debtor must act equitably before he can be allowed an exemption. *In re Glass,* 60 F.3d 565, 570 (9th Cir. 1995). A claim of exemption may be denied where the debtor has acted in bad faith. *In re Michael,* 163 F.3d 526, 529 (9th Cir. 1998). Bad faith may include placing false values on assets claimed as exempt. *In re Hannigan,* 409 F.3d 480, 482 (1st Cir. 2005)[Bad faith undervalue of asset resulted in loss of right to claim it exempt]; *In re Bauer*, 298 B.R. 353 (8th Cir. BAP 2003)[Attempt to claim an exemption only after the trustee learned the true value of the asset disallowed]; 4 **Collier on Bankruptcy** (16th Ed.), ¶ 522.08[1]. The burden of proof is on the objecting party to demonstrate bad faith or prejudice to creditors by a preponderance of the evidence. Rule 4003(c), F.R.Bkr.Proc; *In re Nicholson,* 435 B.R. 622, 634 (9th Cir. BAP 2010).

In this case, the evidence established that Altick was not truthful with the creditors or the trustee. At his original 341 hearing, Altick told counsel for the U.S. Trustee that his interest in Gold

---

[1] The sale price was later increased to $40,000.00, after Green learned of the partnership's true value.

2

Dome was his "one asset" with "significant equity." Ten months later, he represented to all creditors that the interest had no value, without any explanation or disclosure that it had significant value so recently. Altick told Green at his Chapter 7 examination in 2011 that in his opinion his interest in Gold Dome had no value, without revealing to her that it had been ordered sold to a ready, willing and able buyer for $350,000.00 just before his Chapter 11 filing in 2008.

If the only evidence of falsity was Altick's testimony at his 2011 examination, the court doubts that it would rule in favor of Green and sustain her objection to the claim of exemption; the passage of three years might well have erased the equity. Altick's failure to volunteer the sale ordered by the state court was evidence of a lack of forthrightness, but not enough for the court to find bad faith. However, the representation in the disclosure statement that Gold Dome had no value was patently false and had a direct adverse impact on the creditors. It gave the creditors the false impression that liquidation of his assets would result in little or no dividend. Had they known the truth, Altick's plan would not have been confirmed and the case would have been converted two years earlier.

The court is convinced that Altick intentionally misrepresented the value of his interest in Gold Dome to his creditors in his disclosure statement in order to induce them to go along with his plan. At that time, Altick knew that his interest in Gold Dome had significant value. The delay in liquidating the interest in Gold Dome resulted in a greatly diminished dividend to unsecured creditors. It would be unjust to allow Altick to benefit from the fruits of his misrepresentation by claiming an exemption in Gold Dome. Accordingly, Green's objection will be sustained.

Counsel for Green shall submit an appropriate form of order.

Dated: February 15, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge